968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia MCGAREY, Widow of Lloyd McGarey, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 91-3862.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1992.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Patricia McGarey petitions for review of the Benefits Review Board's (BRB) decision denying her request to waive overpayment of benefits under the Black Lung Benefits Act (the Act). 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this appeal.
 
 
 2
 McGarey's deceased husband filed a living miner's claim for benefits on November 8, 1977. McGarey filed a survivor's claim on May 11, 1979, following her husband's death on July 10, 1978. On August 19, 1980, the Deputy Commissioner issued a Notice of Initial Determination of entitlement to benefits. McGarey was subsequently notified that payments would be made by the Black Lung Trust Fund while the named responsible coal mine operator contested liability. This letter, dated December 6, 1980, stated on its face that it was the claimant's responsibility to notify the Deputy Commissioner's office of any change which might affect the amount of her benefits. On the reverse side of the letter were listed several events which might affect the amount of benefits, including entitlement to receive payment under a federal or state workers' compensation program due to pneumoconiosis (black lung).
 
 
 3
 On January 21, 1980, the Kentucky Workmen's Compensation Board awarded benefits to the deceased miner and the petitioner because of the miner's disabling pneumoconiosis. The Deputy Commissioner, by notice dated August 8, 1981, notified McGarey that she had been overpaid black lung benefits in the amount of $12,258.10 due to failure to offset the Kentucky award. When McGarey returned her most recent benefits check, the amount of overpayment was reduced to $11,720.30. There is no dispute over the fact or amount of overpayment. However, McGarey appealed and requested a waiver of repayment on the grounds that she was not at fault and was unable to repay.
 
 
 4
 An administrative law judge (ALJ) denied waiver of overpayment in a Decision and Order issued July 30, 1990. The ALJ found McGarey to be at fault in the overpayment and so never reached the question of whether recovery would either defeat the purposes of the Act or be against equity and good conscience. This decision was affirmed by the BRB, despite a motion for remand filed by the Director, which contended that the ALJ did not follow the proper legal standard in determining McGarey's fault.
 
 
 5
 On appeal, McGarey continues to argue that the ALJ did not use the proper legal standard to determine the question of fault. The parties have submitted a Joint Motion to Remand.
 
 
 6
 In this case, the ALJ did not discuss much pertinent testimony of the petitioner. We believe that the ALJ should give further consideration to petitioner's claimed "pertinent circumstances." The ALJ acknowledged Mrs. McGarey's educational level, but never drew any conclusions from it. He ignored her testimony concerning claimed physical and emotional problems. Petitioner maintained that after the death of the husband, she has had nothing "but trouble ... one thing after another", adding that after Mr. McGarey's death "things fell apart."
 
 
 7
 In the present case, the parties agree that the petitioner's testimony presents potential, relevant circumstances relating to her alleged inability to understand that she had been overpaid. While petitioner may not ultimately prevail, the ALJ did not sufficiently deal with her testimony or explain the factual foundation upon which the ALJ's conclusion was based.
 
 
 8
 Accordingly, we vacate the Benefits Review Board's decision and order issued August 23, 1991, and remand this case with instructions to remand to the administrative law judge for full consideration of the facts set forth in § 410.561b. Rule 9(b)(3), Rules of the Sixth Circuit.